IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY H.,                              )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CASE NO. 1:25-CV-927-KFP
                                       )
FRANK BISIGNANO,                       )
Commissioner of Social Security,       )
                                       )
        Defendant.                     )

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Henry H. filed a Complaint seeking review

of the Social Security Administration's decision denying his application for disability and

disability insurance benefits. Doc. 1. The Commissioner filed an answer. Doc. 5. The Court

construes Plaintiff's supporting brief (Doc. 15) as a motion for summary judgment and the

Commissioner's opposition brief (Doc. 18) as a motion for summary judgment. The parties

have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to

28 U.S.C. § 636(c). Doc. 8.

Upon review of the record and the pending motions, the Court finds that Plaintiff's

motion for summary judgment is due to be DENIED, the Commissioner's motion for

summary judgment is due to be GRANTED, and the decision of the Commissioner is due

to be AFFIRMED.

## I.    STANDARD OF REVIEW

The scope of this Court's review is limited to a determination of whether the Administrative Law Judge (ALJ) applied the correct legal standards and whether the findings are supported by substantial evidence. *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "The statutory phrase 'substantial evidence' is a term of art in administrative law that describes how an administrative record is to be judged by a reviewing court." *T-Mobile South, LLC v. City of Roswell, Ga.*, 574 U.S. 293, 301 (2015) (quotations and citation removed). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B*, 305 U.S. 197, 217 (1938)).

Therefore, if the Commissioner's factual findings are supported by substantial evidence, district courts consider them conclusive and will affirm, "even if 'two inconsistent conclusions [could be drawn] from the evidence.'" *Jones Total Health Care Pharmacy, LLC v. Drug Enf't Admin.*, 881 F.3d 823, 829 (11th Cir. 2008) (per curiam) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)); 42 U.S.C. § 405(g). Further, the District Court will also affirm "even if the proof preponderates against" the Commissioner's decision. *Dyer*, 395 F.3d at 1210.

2

## II.    THE FIVE-STEP ANALYSIS

"The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). The Eleventh Circuit has summarized the process as follows:

(1) Is the [plaintiff] presently employed?

(2) Is the [plaintiff]'s impairment severe?

(3) Does the [plaintiff]'s impairment meet or equal one of the specific impairments set forth in [the Social Security regulations]?

(4) Is the [plaintiff] unable to perform his or her former occupation?

(5) Is the [plaintiff] unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "If the ALJ determines that the [plaintiff] is not disabled at any step of the evaluation process, the inquiry ends." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). The plaintiff bears the burden of proof at the first four steps. *See id.* Then, "[a]t step five, the burden temporarily shifts to the [Commissioner] to show the existence of other jobs in the national economy that the [plaintiff] can perform, given [his] impairments." *Id.* at 1321.

## III.    BACKGROUND

On June 7, 2023, Plaintiff filed an application for disability insurance benefits alleging disability beginning June 1, 2010. R. 10. Plaintiff amended his onset date from June 1, 2010, to January 1, 2018. *Id.* Plaintiff's claim was denied initially and upon reconsideration, R. 92–115, so Plaintiff requested a hearing with an ALJ. R. 129–31. The

3

ALJ held a hearing on November 13, 2024, R. 69, and thereafter issued an unfavorable decision that Plaintiff was not disabled during the relevant period, R. 11, 30. The Appeals Council denied Plaintiff's request for review of the ALJ decision. R. 1–3. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Plaintiff was 56 years old on January 1, 2018, his amended onset date. R. 28. Plaintiff has some college education and no past relevant work. R. 19, 28. Plaintiff alleged disability based on post-traumatic stress disorder (PTSD), traumatic brain injury (TBI), migraines, back pain, chronic fatigue, and high blood pressure. R. 243.

After reviewing the record evidence and testimony presented at the administrative hearing, the ALJ evaluated Plaintiff's applications for disability using the five-step evaluation process. R. 13–30. First, the ALJ determined Plaintiff had not engaged in substantial gainful activity since January 1, 2018. R. 13. At step two, the ALJ concluded Plaintiff had the following severe impairments: "major depressive disorder; [PTSD]; residuals from [TBI]; migraine headache disorder; neurocognitive disorder; spinal arthritis; hernia, status post repair; and coronary artery disease." *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. R. 14. Next, the ALJ concluded Plaintiff had a residual functional capacity (RFC) to perform medium work as defined by 20 C.F.R. § 404.1567(c) except:

> [Plaintiff] can frequently climb ramps and stairs, but never climb ladders, ropes, and scaffolds; frequently stoop, crouch, and crawl; occasionally kneel. [Plaintiff] is further limited to performing unskilled work activity defined as work involving simple routine instructions performing simple tasks making simple work-related decision and routine supervision; occasional interaction

with coworkers and the general public; avoid all exposure to temperature extremes of cold and heat; only work in environments with noise intensity levels of 1, 2, and 3, but no work in environments with noise intensity levels of 4 and 5, which is loud and very loud; and avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights.

R. 19. At step four, the ALJ found Plaintiff had no past relevant work. R. 28. At step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and vocational expert testimony to determine that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including clean-up worker, day worker, and order puller. R. 29. Therefore, the ALJ concluded Plaintiff was not disabled from January 1, 2018 (the amended alleged onset date), through May 22, 2023 (the decision date). R. 30.

## IV.    ISSUES ON APPEAL

On appeal, Plaintiff presents four issues for review. Doc. 15 at 1. First, Plaintiff argues that the ALJ "committed legal error by failing to consider or articulate persuasiveness of" medical evidence from the Department of Veterans Affairs (VA). *Id.* at 7. Second, Plaintiff argues the case should be remanded because the transcript was incomplete. *Id.* at 1. Third, Plaintiff argues "differing versions of Exhibit 24E taint[] the ALJ's 5th step burden," such that his due process rights were violated. *Id.* Finally, Plaintiff argues the ALJ's credibility and RFC findings were not supported by substantial evidence. *Id.*

## V.    DISCUSSION

### A.    The ALJ considered the VA's evidence.

Plaintiff states that the VA found him "100% 'totally and permanently disabled.'" Doc. 15 at 8. Plaintiff argues the VA's Claims and Pension (C&P) examinations and

questionnaires support this conclusion. *Id.* at 8–9. Plaintiff relies on two C&P exams that he believes support a Social Security disability finding—PA Cox's opinion about his spinal condition, and Dr. Lee-Tarver's opinion about his PTSD. *Id.* Plaintiff also asserts Registered Nurse Skoda's opinion about his knee osteoarthritis "would also rule out medium work activity." *Id.* at 9. Plaintiff argues the ALJ committed legal error by failing to consider the C&P materials and articulate the medical opinions' persuasiveness. *Id.* at 9. In essence, Plaintiff asserts, because certain VA records were sufficient to categorize him as totally disabled under the VA standard, that those records are also sufficient for the ALJ to find Plaintiff disabled under the Commissioner's standard.

The ALJ must discuss the VA's disability decision but may refuse to follow it when subsequent medical evidence supports the conclusion that the claimant is not disabled. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1329 (11th Cir. 2020); *see also* 20 C.F.R. § 404.1520c. Here, the ALJ did discuss the VA's disability decision, observing that Plaintiff "receives a Veterans Administration disability." R. 28. However, the ALJ aptly highlighted, "[t]he VA's determination is noted, [but] it is not binding. . . . The undersigned notes that the standards for disability vary between agencies and VA disability is based on service connection, rather than being employable." *Id.* Accordingly, the ALJ considered Plaintiff's VA disability as part of the evidence, but not outcome-determinative before the SSA. *Noble*, 963 F.3d at 1329.

Further, the regulations prevent the ALJ from giving specific medical opinions special weight. The ALJ must consider all symptoms and plaintiff testimony in context with "the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). The

6

ALJ may "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, ALJs must prioritize relevant medical evidence and administrative findings that are also consistent with the other evidence when "determining what weight to give [the plaintiff's] proffered medical opinions." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022); *see* 20 C.F.R. § 404.1520c(b)(2), (c)(1), (c)(2). In other words, the ALJ must prioritize evidence that is consistent with the record as a whole, 20 C.F.R. § 404.1520c(c)(2), rather than outliers. Given the sheer volume of administrative records in social security cases, ALJs are not required to articulate the specifics of how they review each individual piece of evidence. *See* 20 C.F.R. § 404.1520c(b)(1).

Here, the ALJ reviewed the VA's determinations in context with the rest of the record. After "consider[ing] the entire record[1] of evidence in conjunction with [Plaintiff's] allegations, severe impairments and related symptoms, and testimony[,]" the ALJ concluded, though some of Plaintiff's impairments were severe, none were disabling. *Id.* The ALJ noted that the VA diagnosed Plaintiff with several spinal conditions, but that numerous exams revealed normal functioning. R. 23–24. Upon review of Plaintiff's PTSD diagnosis and treatment by the VA beginning in at least 2010, the ALJ concluded, VA "records revealed [PTSD], but exam findings showed psychiatric findings within normal limits." R. 21. Finally, the ALJ cited VA health records in concluding Plaintiff's knee

---

[1] The undersigned notes that the ALJ relied heavily on Exhibits 4F and 8F, which are VA health records, throughout the opinion.

condition "was treated conservatively for related impairments," such that it "cause[d] no more than slight limitation in [his] ability to perform basic work activities." R. 13–14.

Because Plaintiff cannot argue the record as a whole supports the findings in the C&P exams, *see* 20 C.F.R. § 404.1520c(c)(2), Plaintiff asks the Court to give special weight to those exams. The Court cannot give controlling weight to specific pieces of evidence. 20 C.F.R. § 404.1520c(a). Thus, Plaintiff has failed to show "the absence of substantial evidence supporting the ALJ's conclusion." *See Jensen v. Soc. Sec. Admin, Comm'r*, 2025 WL 1547737, at *4 (N.D. Ala. May 30, 2025) (quoting *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017)).

### B.    Plaintiff was responsible for producing evidence to support his claim, and remand is not warranted due to an incomplete transcript.

Plaintiff argues that the VA records reference numerous medical visits with community care providers, but that those records were not included in the transcript before the ALJ. Doc. 15 at 10. Plaintiff states this discrepancy rendered the transcript incomplete. *Id.* at 11. Therefore, Plaintiff argues he was prejudiced because the ALJ did not abide by her duty to investigate all relevant facts. *Id.*

"In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam). It follows that "the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) (citing 20 C.F.R. § 416.912(d), which is now 20 C.F.R. § 416.912(b)(1)). "Remand for further factual development of the record . . . is appropriate where 'the record reveals evidentiary gaps

which result in unfairness or clear prejudice.'" *Henry*, 802 F.3d at 1267 (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)). To show clear prejudice, the claimant must at least "show[] that the ALJ did not have all the relevant evidence before [her] in the record . . . or that the ALJ did not consider all the evidence in the record in reaching [her] decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison*, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c), which is now 20 C.F.R. § 416.912(b)); *see also* 20 C.F.R. § 404.704 ("When evidence is needed to prove your eligibility . . . , you will be responsible for obtaining and giving the evidence to us."); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

At the hearing, Plaintiff's counsel assured the ALJ that the record was complete. R. 71. As discussed above, Plaintiff is tasked with proving he is disabled, therefore "he is [also] responsible for producing evidence in support of his claim," *Ellison*, 355 F.3d at 1276, and with proving that gaps in the evidence were clearly prejudicial. *Brown*, 44 F.3d at 935. If Plaintiff was prejudiced by missing VA records, he could have raised this issue at the hearing, instead of for the first time on appeal. *Ellison*, 355 F.3d at 1276.

The Commissioner also notes that Plaintiff had the opportunity to submit supplemental medical records after the hearing and before the ALJ's decision (here, a six-month period). Doc. 18 at 7. The Commissioner further notes Plaintiff also had the opportunity to submit supplemental records to the Appeals Council, after the ALJ's

9

decision. *Id.* at 8; R. 36–37; *see also White v. Barnhart*, 373 F. Supp. 2d 1258, 1264 (N.D. Ala. 2005) (noting that plaintiff was permitted to submit new evidence to the Appeals Council within a specified time frame). Nevertheless, Plaintiff did not present any additional records during that relevant period after the hearing. Doc. 18 at 8.

Instead, Plaintiff is raising this evidentiary gap issue for the first time in this appeal. By failing to object to the record evidence within the allotted time, Plaintiff did not give the ALJ or the Appeals Council reason to believe that the record was insufficient to make an informed decision. *See Kelley*, 761 F.2d at 1540; *Ellison*, 355 F.3d at 1276. Plaintiff had the burden of raising the evidentiary gap to the ALJ, but he did not. Additionally, Plaintiff has not demonstrated how he was prejudiced without those records. *See McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006) (per curiam) ("To the extent [Plaintiff] contends that the ALJ should have obtained records for treatment of which there is no evidence in the record, [Plaintiff] was in the best position to inform the ALJ as to [his] treatment history, and by failing to do so, [he] failed to meet [his] burden."). Plaintiff has not produced evidence of unfairness or clear prejudice; thus, remand is not warranted on this basis.

### C.   Plaintiff has failed to show that the Commissioner violated his due process rights with regard to Exhibit 24E.

Plaintiff questions the authenticity of Exhibit 24E as filed before this Court. On January 20, 2026, the Commissioner filed the transcript with a blank Exhibit 24E (the vocational interrogatories). *See* Doc. 6-6 at 382–86. Then the Commissioner filed an amended transcript containing a completed and signed version of Exhibit 24E. *See* Doc.

11-7 at 382–86. The Commissioner explained that it filed the blank version of the exhibit inadvertently. Doc. 10. Yet, Plaintiff questions the updated Exhibit 24E's authenticity. Plaintiff alleges, "[t]here is no way for a reviewing court . . . to know which of these documents was Exhibit 24E." Doc. 15 at 12. Because of this document discrepancy, Plaintiff objects to the ALJ's conclusion at step five, arguing that she could not have met her fifth step burden without the complete interrogatories. *Id.* at 13. Accordingly, Plaintiff asserts his case must be remanded to ensure his due process rights are not violated. *Id.* at 14.

As discussed in the prior section, "there must be a showing of prejudice before [courts] will find that [plaintiff's] right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 403 (11th Cir. 2012) (per curiam) (quoting *Brown*, 44 F.3d at 935). To show clear prejudice, the claimant must at least "show[] that the ALJ did not have all the relevant evidence before [her] in the record . . . or that the ALJ did not consider all the evidence in the record in reaching [her] decision." *Kelley*, 761 F.2d at 1540.

In his brief, Plaintiff essentially asks the Court to infer that the ALJ had the blank version of Exhibit 24E when she reviewed the transcript, because his former attorney did not object when the attorney received the document while his case was pending before the ALJ. Doc. 15 at 13. Plaintiff further asserts that the conflict in evidence means he was not given the "right to cross examine the evidence." *Id.* at 14.

11

Yet, "[j]udicial review of agency action 'accords a presumption of administrative regularity.'" *Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1311 (11th Cir. 2024) (quoting *Hussion v. Madigan*, 950 F.2d 1546, 1550 (11th Cir. 1992)); *see also GeorgiaCarry.org, Inc. v. United States Army Corps of Eng'rs*, 212 F. Supp. 3d 1348, 1352 (N.D. Ga. 2016) (quoting *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) ("An agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity.")). Courts assume agencies "properly designate[] the Administrative Record absent clear evidence to the contrary." *MedEnvios Healthcare, Inc. v. Becerra*, 2023 WL 9692087, at *8 (S.D. Fla. Nov. 27, 2023) (reviewing an objection to the completeness of the administrative record); *cf. Sierra Club v. United States Army Corps of Eng'rs*, 295 F.3d 1209, 1223 (11th Cir. 2002) ("Absent evidence to the contrary, [courts] presume that an agency has acted in accordance with its regulations.").

Plaintiff does not provide any evidence in support of his theory aside from a hunch that his former attorney did not object to the alleged blank document because leaving it in the record would have helped his case. Doc. 15 at 13 (explaining that "the ALJ could not meet her 5th step burden" with incomplete interrogatories). Yet, this is hardly enough evidence to overcome the presumption in favor of regularity at this deferential stage. *See Jones Total Health Care Pharmacy*, 881 F.3d at 829 ("[I]f the Commissioner's factual findings are supported by substantial evidence, district courts consider them conclusive and will affirm, 'even if "two inconsistent conclusions [could be drawn] from the evidence."'"). Here, Plaintiff has not overcome the presumption of administrative

regularity in this context. Accordingly, Plaintiff has not provided a basis in law or fact demonstrating "the absence of substantial evidence supporting the ALJ's conclusion." *Jensen*, 2025 WL 1547737, at *4.

### D.    Substantial evidence supports the ALJ's RFC finding.

Plaintiff asserts that the ALJ's credibility and RFC findings were not supported by substantial evidence because the ALJ did not properly account for his photophobia limitation regarding migraines and TBI. Doc. 15 at 14.[2] Plaintiff seeks remand on the basis that "the ALJ did not include a limitation in [Plaintiff's] RFC related to light sensitivity/need for extra light" and failing to "explain why light sensitivity did not interfere with his ability to work despite ongoing migraines." *Id.* at 14–15.

"A conclusion that an impairment is 'severe' for the purposes of step two . . . does not dictate the outcome at step four." *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 541 (11th Cir. 2016) (per curiam); *see Moore*, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [plaintiff's] ability to work or undermine the ALJ's determination in that regard."). Moreover, "[i]f no specific functional limitations from a severe impairment exist, the ALJ need not include a corresponding limitation for that impairment in the RFC." *Jones v. Kijikazi*, 2023 WL 2588170, at *7 (M.D. Ala. Mar. 21, 2023) (quoting *Owens v. Colvin*, 2015 WL 12856780, at *2 (M.D. Fla. Oct. 15, 2015)).

---

[2] Plaintiff also argues the ALJ "fail[ed] to properly consider the VA's C&P exams and medical opinions, thus did not "provide a sufficient rationale to link the evidence to the RFC determination." Doc. 15 at 14. Yet, the Court concluded (*see supra*, section V.A.) that the ALJ properly considered the VA's C&P exams and medical opinions. Accordingly, the only issue before the Court in this section is whether the ALJ properly accounted for Plaintiff's photophobia limitation in the RFC.

Here, the ALJ found Plaintiff's TBI and migraine headache disorder were severe impairments at step two. R. 13. At the step three analysis, the ALJ noted Plaintiff experienced migraines 2–3 times per month and sometimes 1–2 times per week. R. 14–15. Yet, the ALJ concluded Plaintiff's history of headaches and TBI did not meet the requirements for any impairment or combination of impairments. R. 16.

Turning to the fourth step RFC consideration, the ALJ "reviewed the entire medical file and fully considered [Plaintiff's] testimony" to conclude that Plaintiff "has the residual functional capacity to perform medium work." R. 19, 21. The ALJ opined that Plaintiff's TBI and migraine headache disorder might be related. R. 23. The ALJ noted that Plaintiff had a history of TBI, and that he "reported having migraine headaches 2–3 times per month and sometimes 1–2 times per week." *Id.* The ALJ observed Plaintiff received conservative treatment for his conditions in the form of regular office visits to monitor his TBI and migraines. *Id.* He was "prescribed Sumatriptan at the first sign of a migraine." *Id.* The ALJ noted Plaintiff refused to wear glasses to correct his vision, and that "vision changes could also affect headache occurrences." *Id.* At one point, Plaintiff also denied having headaches at a consultative exam. *Id.* That consulting physician opined that Plaintiff had "no physical or mental limitations." R. 26.

Regarding photophobia, the ALJ noted Plaintiff "reported photophobia with migraines occurring 1–2 per month noting it could be triggered by tension or stress," and that "sunglasses help him" with that symptom. R. 23. The ALJ observed that Plaintiff also "reported having olfactory issues in years past." *Id.* Reviewing the evidence in totality, the

14

ALJ concluded that Plaintiff "requires regular care for [TBI] and migraines and has some symptoms associated with these conditions that are generally stable with treatment." *Id.*

Because the ALJ concluded that no functional limitations existed from Plaintiff's migraines and TBI at step three, the ALJ was not required to include a corresponding limitation for related photophobia in the RFC at step four. *Jones*, 2023 WL 2588170, at *7. Nevertheless, the ALJ did discuss Plaintiff's TBI and migraines in detail at step four, including Plaintiff's photophobia. Notably, Plaintiff did not object to the ALJ's step three finding.

Based upon the totality of the evidence presented, the undersigned finds the ALJ did account for Plaintiff's photophobia related to his migraines and TBI. The ALJ reviewed photophobia as one of several factors that could contribute to Plaintiff's migraines and TBI. R. 23. The ALJ found that photophobia could be addressed via sunglass use. *Id.* The ALJ observed that Plaintiff reported not having migraines at a consultative exam, Plaintiff was prescribed Sumatriptan for migraines, and his symptoms were stable and treated with regular office visits. *Id.* Therefore, Plaintiff has failed to show the ALJ's opinion is unsupported by substantial evidence.

## VI.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1.    Plaintiff's Motion for Summary Judgment (Doc. 15) is DENIED;

15

2.    The Commissioner's Motion for Summary Judgment (Doc. 18) is

    GRANTED; and

3.    The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 14th day of July, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

16